IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN DICKINSON, Warden,<br>California Medical Facility,<br><br>Respondent. | No. C 11-03324 WHA<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner John Nguyen is currently confined by the California Department of Corrections. Pursuant to 28 U.S.C. 2254, he has filed a petition for a writ of habeas corpus, through his counsel. Venue is proper because the conviction was obtained in the Superior Court of Santa Clara County, which is in this district. *See* 28 U.S.C. 2241(d). In his petition for writ of habeas corpus, he has stated valid claims under 28 U.S.C. 2254. The respondent is **ORDERED TO ANSWER** the petition.

## STATEMENT

A jury in Santa Clara County convicted petitioner of one count of attempted murder. Petitioner was sentenced to 30 years to life on that count. The California Court of Appeal affirmed the conviction on direct appeal, and the California Supreme Court denied his petition for review. Habeas petitions filed by petitioner in the California Court of Appeal and the California Supreme Court failed.

**ANALYSIS**

**A.   STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vazquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.   LEGAL CLAIMS.**

As grounds for federal habeas relief, petitioner claims the conviction was imposed in violation of his constitutional rights guaranteed under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. In support of these claims, he alleges that defense counsel failed to present readily available eyewitness and expert testimony confirming petitioner's testimony that he was innocent and that newly discovered evidence fundamentally undercuts the state's case against petitioner. These claims when liberally construed, are sufficient to require a response.

**CONCLUSION**

1. The **CLERK IMMEDIATELY SHALL SERVE** by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California. The **CLERK ALSO SHALL SERVE** a copy of this order on petitioner.

2. **RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER, WITHIN SIXTY DAYS OF THE ISSUANCE OF THIS ORDER, AN ANSWER** conforming in all respects to Rule 5 of the Rules governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed.

If petitioner wishes to respond to the answer, he shall do so by filing a **TRAVERSE WITH THE COURT AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THE ANSWER IS FILED.**

3. Respondent may file, within sixty days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true and correct copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE