IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NGUYEN, | No. C 11-03324 WHA |
| Petitioner, | |
| v. | **ORDER DENYING MOTION TO AMEND JUDGMENT** |
| KATHLEEN DICKINSON, | |
| Respondent. | |

## INTRODUCTION

Following the denial of his petition for a writ of habeas corpus pursuant to Section 2254, petitioner moves to amend judgment under Rule 59. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

The facts of this action have been set forth in prior orders and need not be discussed in detail herein (see Dkt. No. 34). In brief, petitioner John Nguyen was convicted in state court of attempted murder arising out of the shooting of victim Minh Trinh in San Jose in March 2005. Following a jury trial, petitioner was sentenced to 25 years to life imprisonment consecutive to a five-year prison term. The California Court of Appeal affirmed the conviction on appeal and summarily denied petitioner's state habeas petition. The California Supreme Court denied the petition for review and summarily denied petitioner's habeas petition. Petitioner then filed a petition in this Court pursuant to Section 2254. Following several rounds of supplemental briefing and a hearing, the petition was denied herein by order dated February 1, 2013 (Dkt. No.

34). Judgment was entered on the same date. Petitioner then filed the instant motion to alter or amend judgment pursuant to Rule 59. The basis for the motion is that (1) petitioner's allegations that defense counsel failed to investigate and present eye witness testimony were sufficient to establish a prima facie case for relief and (2) petitioner is factually innocent. For the reasons stated below, the motion is **DENIED**.

## ANALYSIS

A Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001)). Although petitioner does not identify the grounds on which he bases his Rule 59 motion, he does not present any "newly discovered evidence" or identify any intervening change in controlling law. Accordingly, to be entitled to relief, petitioner must establish that the prior order denying his habeas petition either clearly erred or was manifestly unjust.

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

Petitioner's habeas petition included a claim for ineffective assistance of trial counsel based on counsel's failure to present certain fact and expert witness testimony. The prior order herein found that the state court's denial of relief on petitioner's ineffective assistance of counsel claim regarding expert testimony was not unreasonable based on both the performance and prejudice prongs of the test established by *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner also claimed that trial counsel was ineffective for failing to investigate and present testimony from three fact witnesses who claim to have been present at the Heo May Café on the night of the shooting. As to prejudice, the prior order found that only Jason Le's declaration had any probative value because the other two witnesses did not claim to have seen petitioner while most or all of the shots were fired. The order determined, however, that petitioner had failed to establish that the state court was unreasonable in denying his claim for ineffective assistance of

2

counsel based on the performance prong of the *Strickland* test. The order stated (Dkt. No. 34 at 22–23):

> The record before the state court was clear that, prior to trial, trial counsel had no information about Jason or Kelly, the two witnesses who claim to have witnessed the incident at the café (Johnson Decl. ¶ 8). Moreover, none of the declarants ever contacted the police. It was not unreasonable for the state court to determine that petitioner failed to meet the first prong of the *Strickland* test, namely that petitioner failed to show that counsel's representation fell below an objective standard of reasonableness.
>
>         \*         \*         \*
>
> This is not a case in which counsel has refused to give a habeas declaration to explain his conduct, such that an evidentiary hearing and court compulsion are needed to compel his testimony. Rather, trial counsel *has* provided a declaration to habeas counsel and has cooperated with habeas counsel. His declaration, expansive on aspects of the trial, merely says, as to the missing eyewitnesses, that he was "not given information" about them. His declaration, submitted by habeas counsel, does *not* say he conducted no search for witnesses. For all the declaration reveals, he actually did a reasonable search for witnesses but simply came up empty. It would have been easy for counsel to add a page or even a paragraph to the declaration describing the extent of his search. If trial counsel had refused to do so (and nothing in this record states he did) then habeas counsel could have so described the refusal in his own declaration, but no such declaration was provided to the state court or federal court. The burden was on petitioner to demonstrate to the state court that counsel's investigation was deficient or at least that trial counsel refused to address the extent of his investigation such that an evidentiary hearing was needed to extract the truth from him. This burden was not carried. Consequently, it was not unreasonable for the state court to stand by the presumption that trial counsel had performed at least at the level required by the Sixth Amendment.

Petitioner's motion to amend judgment contends that the prior order failed to consider the entirety of the state record, which petitioner argues included additional factual allegations and admissions by respondent. Specifically, petitioner contends that the prior order failed to consider (1) factual allegations made in the memorandum of points and authorities submitted to the state court in support of his state habeas petition and (2) respondent's informal response filed with the state court.

*First*, petitioner contends that a state court must consider the factual allegations in both a habeas petition and the supporting memorandum of points and authorities, citing *People v. Duvall*, 9 Cal. 4th 464, 482 (1995). Even if petitioner's interpretation of *Duvall* in this context is correct, the only "facts" that petitioner points to in the state habeas memorandum consist of

3

1  "[c]onclusory allegations made without any explanation of the basis for the allegations." *Id*. at
2  474 (citing *People v. Karis*, 46 Cal. 3d 612, 656 (1988)).  Petitioner identifies the following
3  allegations as facts that the state court was required to consider and which this Court's order
4  herein allegedly failed to acknowledge (*In re Nguyen*, HO32459, Petition for Writ of Habeas
5  Corpus and Supporting Memorandum, p.45):

> [D]efense counsel failed to investigate and present readily available eyewitness and expert testimony . . . . There was no conceivable tactical reason not to investigate and present this evidence. . . . [C]ounsel's failure to investigate and present this evidence plainly fell below an objective standard of reasonableness.
>
> Nor is there any reason to guess at whether trial counsel had a tactical reason for his failure to investigate or present this evidence.  In fact, defense counsel himself has admitted that this evidence would have directly supported his defense theory of the case. (Declaration of David Johnson, attached as Exhibit F, at paras. 6–8).

Petitioner's habeas petition and supporting memorandum filed with the California Supreme Court contained identical language (*In re Nguyen*, S180046, Petition for Writ of Habeas Corpus and Supporting Memorandum at 46).  The above-quoted statements from the memorandum provide no additional facts upon which the allegation that counsel "failed to investigate" was based.  Nor do they provide any factual support for the allegation that the witness testimony was "readily available" at the time of pre-trial investigation and trial.  Such conclusory allegations "do not warrant relief, let alone an evidentiary hearing." *Duvall*, 9 Cal. 4th at 474.  Were it otherwise, every habeas petition with such conclusory allegations, unsupported by any specific facts, would plead a prima facie case.  This argument is unavailing, and has been rejected by the California Supreme Court. *Ibid*; *see also People v. Karis*, 46 Cal. 3d 612, 656 (1988).

*Second*, petitioner contends that "the Court must consider the position the state took during state-court proceedings," as reflected in respondent's informal responses (Dkt. No. 36 at 5–6).  After petitioner filed his state habeas petition in the California Court of Appeal, respondent was requested to and did file an "informal response" (respondent was not required to and did not file any formal answer or response in state court).  Respondent's informal response, it is said, only addressed counsel's performance in a single paragraph, which stated that

4

1  counsel's failure to uncover Jason Le was because "the only person who might have notified
2  defense counsel of the existence of these witnesses was petitioner himself" (Dkt. No. 47, Exh. B.
3  at 15). Petitioner apparently never responded to this argument in the state-court proceedings by
4  supplying additional facts to the state court with regard to the issue of counsel's performance
5  under *Strickland*, notwithstanding his contention that "under state law, petitioner was entitled to
6  respond to any arguments made by the state by presenting additional facts in subsequent
7  pleadings" (Dkt. No. 36 at 6). Petitioner did, however, respond to the state's informal response
8  in state court by providing additional factual information regarding the expert witnesses'
9  opinions. Petitioner now apparently contends that the issue of counsel's deficient performance
10 was not fairly raised in state court, such that he was never on notice of the need to supplement
11 the record with additional facts.

12 This order first considers the procedural history of this case herein. Pursuant to our
13 Habeas Local Rules and this Court's order to show cause, respondent was required to lodge
14 "[p]ortions of the trial and appellate record that are relevant to a determination of the issues
15 presented by the petition which have not been previously filed." Habeas Local Rule
16 2254-6(b)(3). On May 21, 2012, respondent filed an answer to the habeas petition and a notice
17 of lodging and index of exhibits (Dkt. No. 8-2). The index listed the exhibits and included a
18 description of each. By order dated September 18, the parties were requested to file additional
19 submissions. That order also required respondent to "certify that the record lodged with the
20 Court is a complete record of the state court proceedings or state why it is unable to lodge a
21 complete record despite reasonable diligence" (Dkt. No. 14). In response, respondent filed a
22 statement containing a list of exhibits with slightly more detailed descriptions. The filing further
23 stated that "Respondent certifies that, other than miscellaneous motions filed in the state
24 appellate court, including motions for extension of time to file pleadings, this is the complete
25 record of state court proceedings in his possession" (Dkt. No. 15). The informal responses and
26 replies filed by respondent and petitioner in state court were not listed among the exhibits lodged
27 with this Court in either of respondent's lists.

28

5

Petitioner did not, however, object that the record was incomplete. Nor did petitioner attach the informal responses to any of his filings prior to the instant Rule 59 motion. In fact, petitioner has never asserted that the informal responses were a part of the state court record that this Court was required to consider until *after* his petition for habeas relief was denied and judgment was entered against him. After petitioner filed the Rule 59 motion, an order required the parties to identify where in the parties' briefing the informal responses were cited to or relied upon in connection with the federal habeas petition (Dkt. No. 42). The parties' responses indicate that, other than the briefing on the instant motion, the only reference to the informal responses in the proceedings in this Court was a brief mention in petitioner's memorandum of points and authorities in support of his federal habeas petition (Dkt. No. 1 at 23–24) (citations omitted):

> Both the state court of appeal and the state supreme court ordered the state to file an informal response. In its briefing, the state at least implicitly questioned the credibility of petitioner's new eyewitnesses and forensic experts. The state characterized eyewitnesses Jason Le and Kelly Tang as petitioner's "cousin . . . and . . . friend" and referred to their declarations as "[t]he statements of petitioner's friends." With respect to ballistics experts Ken Moses and John Murdock, the state characterized them as "two purported experts on ballistics analysis."
>
> John responded in writing. Based on the state's credibility argument, John again pointed out that an evidentiary hearing was necessary to evaluate the credibility of his new witnesses.

This single reference appeared in the section explaining the procedural history of the case and was not referenced or relied upon by petitioner in his arguments to this Court in support of granting federal habeas relief. Moreover, the reference discussed an alleged dispute over the credibility of the witnesses; it contained no discussion of the state's position regarding trial counsel's allegedly deficient performance.

From this single reference to documents that were neither relied upon in the federal habeas petition nor provided to this Court prior to entry of judgment, petitioner has crafted an argument that plays fast and loose with the facts and the law. Petitioner now argues that this Court was and is precluded from considering whether the state court's rejection of the state habeas petition was unreasonable on any grounds other than those specifically argued by

6

respondent in its informal responses. This sandbagging after judgment has been entered is unworthy. Additionally, petitioner's argument is not supported by the record herein, nor by any binding legal authority.

Petitioner contends that "it seems unlikely that the state court would have relied on a performance prong analysis which the state never advanced while in state court" (Dkt. No. 36 at 8). Even assuming that petitioner is correct that under Section 2254 a federal court reviewing a state court's denial of habeas relief must consider the position taken by the state in informal responses filed with the state court, petitioner's argument fails. Respondent's informal response in the state-court proceedings included four pages addressing the performance prong under *Strickland*. In addition to providing quotations and citations to legal authority favorable to respondent's position, the informal response stated that (1) none of the three witness declarants (Jason, Kelly, and Philip) came forward to talk to the police, (2) trial counsel was not aware of the existence of the three declarants or their potential testimony, (3) trial counsel was not given any information about Jason or Kelly, (4) petitioner was the only person who might have notified trial counsel of the existence of the witnesses but did not do so, and (5) petitioner had not verified the petition personally and had not supplied a declaration (Dkt. No. 47, Exh. B at 15). These arguments clearly indicate that the state contested petitioner's claim that trial counsel's performance was deficient. For example, the informal response argued that petitioner failed to verify the petition or to submit a declaration establishing whether he himself knew or had reason to suspect that the three witness declarants had relevant information prior to trial. Petitioner's argument that the state court could not have reasonably denied habeas relief on the ground that petitioner had failed to establish a prima facie case of deficient performance under *Strickland* is merely smoke and mirrors. The motion to amend the judgment is therefore **DENIED**.

### 2. INNOCENCE CLAIM.

The prior order herein dismissed petitioner's freestanding claim of factual innocence. Citing the Supreme Court's decision in *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the order found that because the Supreme Court has never held that a claim of actual innocence may serve as a basis for a grant of habeas relief under Section 2254, the state court's denial of relief on this

7

ground was not unreasonable. Petitioner moves for rehearing, contending that *Herrera* in fact recognized a claim of factual innocence.

As stated by our court of appeals, "the Supreme Court has restricted 'clearly established Federal law' under § 2254(d)(1) to 'the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" *Murdoch v. Castro*, 609 F.3d 983, 990 (9th Cir. 2010) (en banc). "A state court's decision is contrary to clearly established law when it either 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" *Ibid*. (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Our court of appeals reiterated in *Murdoch* that "a constitutional principle is not clearly established for purposes of § 2254 where the Supreme Court has expressly concluded that an issue is an 'open question.'" *Murdoch*, 609 F.3d at 994 (quoting *Earp v. Ornoski*, 431 F.3d 1158, 1185 (9th Cir. 2005)). Moreover, the Supreme Court has made clear that courts of appeals' precedents may not "be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

Petitioner contends that our court of appeals has held in past decisions that the Supreme Court has recognized a free-standing innocence claim, citing, *inter alia*, *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc) and *Jackson v. Calderon*, 211 F.3d 1148 (9th Cir. 2000). Even assuming that *Carriger* explicitly recognized such a claim, decisions of the Supreme Court have subsequently clarified that whether a freestanding claim of innocence is cognizable in a Section 2254 habeas petition is, at best, "an open question." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71 (2009); *House v. Bell*, 547 U.S. 518, 555 (2006); *McQuiggen v. Perkins*, — U.S. —, 133 S.Ct. 1824, 1931 (2013). The Supreme Court recently addressed the issue of whether a petitioner claiming actual innocence can overcome AEDPA's one-year statute of limitations. In *McQuiggin*, the Supreme Court stated that, while a "gateway" innocence claim that met the requisite showing under *Schlup v. Delo*, 513 U.S. 298 (1995), could allow an untimely habeas petition to be considered on the merits, "we have not resolved whether

8

a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin*, 133 S. Ct. at 1931 (citing *Herrera v. Collins*, 506 U.S. at 404–05). Accordingly, the state court's determination that petitioner had not established a prima facie case based on a claim of actual innocence was not unreasonable.

Even assuming, *arguendo*, that a freestanding claim of innocence is cognizable, petitioner did not meet the high burden that such a claim would require. In declining to decide whether a Section 2254 habeas petitioner could assert an independent claim of factual innocence, the Supreme Court in *House* found that, although the petitioner "has cast considerable doubt on his guilt," "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it." *House*, 547 U.S. at 555. As stated in *House*:

> In *Herrera*, however, the Court described the threshold for any hypothetical freestanding innocence claim as "extraordinarily high." 506 U.S., at 417, 113 S.Ct. 853. The sequence of the Court's decisions in *Herrera* and — first leaving unresolved the status of freestanding claims and then establishing the gateway standard — implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*.

*Ibid*. The standard for prisoners asserting innocence as a gateway to have defaulted claims heard under *Schlup* requires a petitioner to establish that in light of new evidence "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S., at 327. Setting aside for now the higher proof of innocence required for a hypothetical freestanding innocence claim, the *Schlup* standard for establishing a "gateway" innocence claim is much stricter than the prejudice showing required for a claim of ineffective assistance of counsel under *Strickland*. To establish a constitutional violation under the *Strickland* prejudice standard, a petitioner must demonstrate only a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The prior order herein denying habeas relief determined that petitioner had met the *Strickland* standard for prejudice on his claim that trial counsel failed to present fact witness testimony (but had not met the standard as to deficient performance). As to the three fact

9

1 witness declarations submitted with the habeas petition, the order found that only Jason Le's
2 declaration had any probative value. That order found that "[i]f the only record before the jury
3 was Jason [Le]'s habeas declaration, without the benefit of cross-examination, the prosecution's
4 case would have been more difficult to prove" (Dkt. No. 34 at 20). Therefore, the order found
5 that petitioner had set forth facts demonstrating a prima facie showing of prejudice based on the
6 substantial likelihood that the outcome would have been different (*ibid*.).

7 On the basis of the Jason Le declaration alone, however, petitioner has not met even the
8 "gateway" innocence standard under *Schlup*, much less the higher standard for a hypothetical
9 freestanding innocence claim. Jason's testimony, like that of the prosecution's witnesses, would
10 be subject to cross-examination and credibility assessments. Given the evidence presented by
11 the prosecution at trial, including the testimony of victim Minh Trinh, Jason's testimony would
12 be but another item to be considered by the jury. Moreover, although Jason never contacted the
13 police or defense counsel prior to or during the three-week trial, he submitted a letter to the trial
14 court in connection with petitioner's sentencing. The letter, dated October 8, 2007, stated that
15 petitioner was his cousin and that they had been best friends since petitioner was born (Clerk's
16 Tr. at 305–07). Jason's failure to come forward to testify at trial and his avowed closeness to
17 petitioner cast considerable doubt on his credibility, or so a reasonable juror could believe. As
18 petitioner has failed to meet the high burden under *Schlup* to demonstrate that "it is more likely
19 than not that no reasonable juror would have convicted him in light of the new evidence," he
20 cannot seek relief based on any claim of factual innocence.

## CONCLUSION

22 For the reasons stated above, the motion to amend judgment under Rule 59(e) is **DENIED**.
23 Petitioner's next stop is with our court of appeals.

25 **IT IS SO ORDERED.**

27 Dated: July 8, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10